UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RAYMOND WHITE, ) | |
| ) | |
| Plaintiffs ) | |
| ) | CAUSE NO. 3:06-CV-775 RM |
| vs. ) | |
| ) | |
| LOLA GIBSION and ED BUSS, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Raymond White, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

>showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. White alleges that,

>On July 2, 20005 I Raymond White while sitting in the day room on B-1 offender Trent Burnsworth, struck me in the head with a lock, Officer Lola Gibsion, was in the officer station asleep.
>Ofc. Gibson was negligent by being asleep, and failed to provide responsible security.

Complaint at 5.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . . ." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A defendant must have "actual knowledge of

2

impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995).

Deliberate indifference can be inferred only where defendants know there is a strong likelihood, rather than a mere possibility, that violence will occur. Watts v. Laurent, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places.") Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See* McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Mr. White alleges that it was negligent for the guard to have been sleeping on the job, but negligence does not state a claim under § 1983. Though it may have been unreasonable to sleep on the job, doing so is not the functional equivalent of wanting harm to come to an inmate. Furthermore, though it is possible that the attacker might have been

3

dissuaded if he had known that the guard was awake, even an alert guard in the officer station could not have prevented the attack described by Mr. White.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: December  7 , 2006

                                              /s/ Robert L. Miller, Jr.
                                              Chief Judge
                                              United States District Court